UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ABDOURAHMAN JABBI,<br><br>    Plaintiff,<br><br>v.<br><br>WOODFORD COUNTY, KENTUCKY, ET AL.,<br><br>    Defendants. | Civil Action No. 5:19-397-KKC<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Abdourahman Jabbi is an inmate at the Moshannon Valley Correctional Institution, a prison run by a private corporation operating under a contract with the Federal Bureau of Prisons. Proceeding without a lawyer, Jabbi filed a civil rights complaint with this Court. [R. 1]. The Court conducted an initial screening of Jabbi's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and concluded that his claims required a response from four defendants: (1) Woodford County, Kentucky; (2) Woodford County Jailer Michelle Rankin; (3) Southern Health Partners; and (4) the United States of America. [R. 8]. Since the Court also granted Jabbi pauper status, it arranged to have each of the defendants served with a summons and copy of the complaint on his behalf. [*Id.*].

Jailer Michelle Rankin and Southern Health Partners filed answers to Jabbi's complaint. [Rs. 13, 14]. The United States, however, filed a motion to dismiss Jabbi's FTCA claim [R. 28], Jabbi filed a response [R. 32], and the United States filed a reply brief [R. 33]. Woodford County also filed its own motion to dismiss Jabbi's claim against it [R. 12], and the parties briefed that motion as well [Rs. 18, 25]. Thus, the dispositive motions filed by the United States and Woodford County are now ripe for a decision. For the reasons set forth below, the Court will grant the United

States' motion and dismiss Jabbi's FTCA claim, albeit without prejudice. The Court will then deny Woodford County's motion and refer this case to a Magistrate Judge for further proceedings.

I. Facts

In May 2018, Jabbi was charged with possession with the intent to distribute cocaine, *United States v. Jabbi*, No. 5:18-cr-062-KKC (E.D. Ky. 2018), and, during his time as a pretrial detainee, the United States Marshals Service placed him at the Woodford County Jail. However, according to Jabbi, he was not provided with legally adequate medical care at the facility. [R. 1].

Jabbi alleges that he has glaucoma and that the Woodford County Jail repeatedly ran out of his medication, meaning he "was often without medication for three or four weeks at a time." [*Id.* at 3]. Jabbi further alleges that his condition began to deteriorate and that he reported his worsening symptoms to the jail's medical personnel. [*See id.*]. However, Jabbi alleges that he "was told by the jail nurse that [he] could not visit a doctor unless and until the U.S. Marshall approved the associated cost." [*Id.*]. Jabbi then alleges that he filed numerous requests to be seen, using both paper and electronic request forms, and was essentially "pleading for immediate care." [*Id.*]. Jabbi says that he "explained to each and every one of the officers and staff members" that he was having increasing difficulty seeing due to "the delay in arranging a doctor's visit." [*Id.* at 4]. Jabbi alleges that these individuals "confirmed that they had sent requests to the U.S. Marshall for approval of the examination but had yet to receive it." [*Id.*]. Jabbi then says that he continued to "request urgent treatment" by filing both paper and electronic request forms. [*Id.*].

Jabbi alleges that he then contacted his criminal defense attorney, Jarrod Beck, for help. [*See id.*]. Jabbi says that Mr. Beck "in turn called the U.S. Marshall to press them for a response and came personally to the jail to meet with Jailer Rankin and Deputy Sherriff Dawkins to complain about the jail's failure to provide me with proper care." [*Id.*]. Jabbi then says, "Finally,

on January 24, 2019, after six months of complaining and the filing of administrative remedies, including verbal requests to the jailer, deputy sheriff, and nurse, with the assistance of counsel, the U.S. Marshall approved my clinic visits." [*Id.*]. Jabbi alleges that officials took him to see an outside physician, Dr. Kirkpatrick, who ultimately wrote a report and confirmed that Jabbi "had lost a significant amount of sight caused by a thinning of the optic nerve behind the eye." [*Id.*]. Jabbi then says that Dr. Kirkpatrick referred him to Dr. Joshua Evans, an ophthalmologist at UK Healthcare, who also confirmed Jabbi's "significant and rapid loss of sight." [*Id.*]. Eventually, in September 2019, Jabbi filed this lawsuit for money damages.

While two of the defendants, Jailer Michelle Rankin and Southern Health Partners, answered Jabbi's complaint [Rs. 13, 14], the United States has moved to dismiss Jabbi's FTCA claim [R. 28]. It argues, among other things, that Jabbi failed to properly exhaust his administrative remedies because he has not shown that he actually presented a claim to the United States Marshals Service, as required by 28 U.S.C. § 2675(a). [*See id.* at 4-7]. Woodford County has also moved to dismiss Jabbi's claim against it, arguing that Jabbi failed to allege facts sufficient to impose municipal liability under 42 U.S.C. § 1983 and that it is entitled to sovereign immunity. [*See* R. 12-1 at 2-3]. Since the parties have fully briefed both motions, they are ripe for a decision.

## II. Analysis

### A. FTCA Claim Against the United States

The Court will dismiss Jabbi's FTCA claim without prejudice because he has failed to demonstrate that he properly exhausted his administrative remedies, a jurisdictional requirement. *See* 28 U.S.C. § 2675(a); *see also Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002).

To exhaust administrative remedies under the FTCA, a plaintiff must show that he presented his claim to the appropriate federal agency and the agency finally denied the claim, in

writing.  *See* 28 U.S.C. § 2675(a).  These administrative exhaustion requirements give federal agencies the chance to settle disputes before engaging in litigation, reducing costs and expenses for parties and freeing up government resources.

In this case, however, Jabbi has not established that he met these exhaustion requirements. To be sure, Jabbi alleges that, starting in the summer of 2018, he lodged numerous verbal and written requests for medical care with officials at the Woodford County Jail, and those officials indicated that they were passing along Jabbi's requests to the United States Marshals Service.  [*See* R. 1 at 3-4; *see also id.* at 13].  Jabbi also alleges that his criminal defense attorney called the Marshals on his behalf in order to "press them for a response" to his requests for medical attention. [*Id.* at 4].  Jabbi then says, "Finally, on January 24, 2019, after six months of complaining and the filing of administrative remedies, including verbal requests to the jailer, deputy sheriff, and nurse, with the assistance of counsel, the U.S. Marshall approved my clinic visits."  [*Id.*].

Despite these alleged requests for medical care, there is no indication that Jabbi then went ahead and "presented a claim" to the appropriate federal agency, the United States Marshals Service, as that phrase is contemplated under the law.  Jabbi does say that, "after the 2019 examination of his eyes," he became aware "of the extent of the damage done . . . as a result of [the] inadequate level of care at the jail," as well as the United States Marshals Service's "delays in approving his 'outside' consultation." [R. 32 at 3].  But 28 C.F.R. § 14.2 makes it clear that a claim is considered presented when "a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." And here, as best as the Court can tell, Jabbi has not even alleged that he submitted such a written

notification, accompanied by a claim for money damages in a sum certain, to the United States Marshals Service. Moreover, the United States has actually put forth evidence that the Marshals Service never received such a submission from Jabbi. [*See* R. 28-2 (Declaration of Gerald Auerbach, General Counsel for the United States Marshals Service)]. In short, Jabbi has failed to show that he properly exhausted his administrative remedies, as required to proceed on his FTCA claim at this time. Thus, the Court will dismiss that claim without prejudice.

### B. *Claim Against Woodford County*

While the Court is dismissing Jabbi's FTCA claim, it will allow him to proceed on his claim against Woodford County. That is because, despite the county's argument to the contrary, Jabbi's complaint, broadly construed, does allege that the county had a policy or custom in place that caused him harm, as required in order to state a claim. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Indeed, Jabbi repeatedly suggests that Woodford County had a policy or custom of not allowing a federal pretrial detainee in its custody to see an outside doctor without approval from the United States Marshals Service. [*See* R. 1 at 3-4]. While there may be a dispute over whether such a county policy or custom actually exists, that is an issue for discovery and, perhaps, subsequent motions. Simply put, at this early stage in the litigation, Jabbi has alleged enough facts, broadly construed, to state a claim for relief against the county. And since state sovereign immunity under the Eleventh Amendment does not generally extend to counties, *see, e.g., S.J. v. Hamilton County, Ohio*, 374 F.3d 416, 419-20 (6th Cir. 2004), Woodford County has not demonstrated that Jabbi's claim is otherwise barred. Thus, the Court will deny Woodford County's motion at this time.

III.  Conclusion

In light of the foregoing analysis, the Court will grant the United States' motion and dismiss Jabbi's FTCA claim, albeit without prejudice. That said, the Court will deny Woodford County's motion to dismiss at this time.

Ordinarily, at this point in a civil case, the remaining parties would exchange initial disclosures and confer on a proposed discovery plan. However, an action brought by a pro se prisoner, such as this case, is exempt from these requirements. *See* Fed. R. Civ. P. 16(b), 26(a)(1)(B)(iv), 26(f)(1); Local Rule 16.1(c). Thus, the Court will refer this matter to a Magistrate Judge to oversee discovery and all matters of pretrial management.

Accordingly, it is **ORDERED** as follows:

1. The United States' motion to dismiss [R. 28] is **GRANTED** to the extent that Jabbi's FTCA claim is **DISMISSED WITHOUT PREJUDICE**.

2. Woodford County's motion to dismiss [R. 12] is **DENIED** at this time.

3. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

4. The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge.

Dated June 23, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY